# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ  07101-0419
(973) 645-6340

WILLIAM J. MARTINI
    JUDGE

## LETTER OPINION

February 2, 2009

Bryan Paul Couch
Jeffrey L. O'Hara
Andrew Burr Buckman
Connell Foley LLP
85 Livingston Avenue
Roseland, New Jersey 07068

    (*Attorneys for Plaintiff*)

Peter J. Vazquez, Jr.
Goldstein, Vespi & Vazquez, LLC
264 Union Boulevard
Totowa, New Jersey 07871

    (*Attorney for Defendants*)

    **RE:**   Days Inn Worldwide, Inc. v. Jerbev Corp., et al.
            <u>Civ. No. 08-1659 (WJM)</u>

Dear Counsel:

    This matter comes before the Court on two motions.  Plaintiff Days Inn Worldwide, Inc. moves for default judgment against one of its franchisees, Defendant Jerbev Corporation and three of Jerbev's guarantors, Defendants Gerald Grubb, Derek Grubb, and Darin Grubb (collectively "Defendants").  In return, Defendants move to have the default entry set aside.

## I. BACKGROUND

On May 15, 2001, Defendant Jerbev Corporation entered into a License Agreement with Days Inn ("DIW"), under which Jerbev was obligated to operate a DIW for fifteen years. Effective the same day, Defendants Gerald Grubb, Derek Grubb, and Darin Grubb provided DIW with a guaranty of Jerbev's obligations under the License Agreement. Defendants stopped operating their franchise as a Days Inn facility in August 2007.

DIW filed a complaint alleging breach of the licensing agreement on April 3, 2008. Plaintiffs failed to file an answer. At DIW's request, the Clerk of the Court entered default on August 28, 2008 against three of the Defendants – Jerbev, Gerald Grubb, and Derek Grubb, and these three Defendants were served with a copy of the default on October 7, 2008. Default against the final Defendant, Darin Grubb, was entered on October 10, 2008. Darin Grubb then was served with a copy of the default three days later.

Plaintiffs filed the instant motion for default judgment pursuant to Fed. R. Civ. P. 55(b) on October 24, 2008. Defendants filed their motion to set aside the default under Fed. R. Civ. P. 55(c) four days later.

## II. DISCUSSION

### A. **Defendants' Motion to Set Aside the Entry of Default**

Federal Rule of Civil Procedure 55(c) provides, in part, that: "[t]he court may set aside an entry of default for good cause ..." Accordingly, the decision whether to set aside the entry of a default is left primarily to the discretion of the trial court. In considering whether good cause to set aside the default entry has been demonstrated, the Court must weigh three factors: (1) whether Plaintiff will be prejudiced; (2) whether the default was the result of Defendants' culpable conduct; and (3) whether Defendants have a meritorious defense. *See United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984).

In the instant case, the first two factors favor Defendants. First, Plaintiff has not shown that any prejudice would result from setting aside the entry of default. Specifically, Plaintiff does not allege that setting aside the default would somehow hinder DIW from pursuing its claims. *See Feliciano v. Reliant Tooling Co. Ltd.*, 691 F.2d 653, 657 (3d Cir. 1982). Further, the default does not appear to be the result of Defendants' "culpable conduct." The Third Circuit has defined "culpable conduct" in the context of vacating a default as "actions taken willfully or in bad faith." *Gross v. Stereo Component Sys. Inc.*, 700 F.2d 120, 123-24 (3d Cir. 1984). Defendants' conduct does not rise to this level. In their certification,[1] Defendants state that they hired an attorney to

---

[1] This two-page certification constituted the entirety of Defendants' motion to set aside the entry of default. Defendants' attorney chose not to file a brief, asserting that "no significant legal argument is involved," pursuant to L. Civ. R. 7.1(d)(4).

represent them after the complaint was filed in April 2008; however, that attorney did not inform Defendants that he was conflicted out of the representation until late August 2008. (Grubb Cert. ¶ 2-4). At that point, Defendants represent that they were not aware of the default. (Grubb Cert. ¶ 5). Defendants then hired present counsel some time after mid-September and moved to set aside the default. (Grubb Cert. ¶ 6). Defendants represent that present counsel is prepared to proceed. (Grubb Cert. ¶ 7). Under these circumstances, Defendants' failure to answer the complaint appears to be the product of a miscommunication with their first attorney, not willful disregard. Further, Defendants' swift action to set aside the default after being served with notice undermines a finding of "bad faith." As such, default does not appear to be the result of "culpable conduct."

Based on the first two factors, it appears that the default should be set aside. The third factor, however, is fatal to Defendants' motion. Defendants have asserted no defense to the allegations in the complaint – much less a "meritorious defense," as required to set aside the default.[2] Accordingly, their motion cannot be granted as it currently stands.

The Court notes that as a general matter, however, the Third Circuit does not favor entries of default. *See, e.g. United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984). Further, where default judgment has not yet been entered, "courts in this circuit seem unwilling to deny the motion to set aside the entry of default solely on the basis that no meritorious defense exists." *Choice Hotels Int'l, Inc. v. Pennave Assoc. Inc.*, 192 F.R.D. 171, 175 (E.D.Pa. 2000) (quoting *Mike Rosen & Assoc., P.C. v. Omega Builders, Ltd.* 940 F.Supp. 115, 121 (E.D. Pa. 1996).

Given that Plaintiffs have demonstrated no prejudice and Defendants' conduct does not appear to be culpable, the Court is willing to entertain an alternative sanction. *See Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987). Consequently, Defendants' motion to set aside is denied, with the condition that the Court will reconsider its ruling in twenty (20) days if Defendants present the court with supplemental briefing and factual support demonstrating a "meritorious defense"[3] to the claims set forth in Plaintiff's complaint.

---

[2] The "meritorious defense" factor is a type of "significant legal argument" that necessitates briefing on a motion to set aside an entry of default.

[3] A meritorious defense is demonstrated when "allegations of defendant's answer, if established on trial, would constitute a complete defense to the action." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984) (citation omitted). As such, the presentation of a "meritorious defense" must contain specific facts that would allow Defendants to advance a complete defense – that is, specific facts beyond conclusory allegations or a general denial. *See id.* at 195-96. Defendants are strongly advised to heed this direction provided by the Third Circuit before presenting any briefing and affidavits on this issue to the Court.

### III.   CONCLUSION

For the foregoing reasons, Defendants' motion to set aside the entry of default is **DENIED**, with the condition that the Court will reconsider its ruling in twenty (20) days if Defendants present the court with supplemental briefing and factual support demonstrating a "meritorious defense" to the claims set forth in Plaintiff's complaint.  Further, the Court will **RESERVE** on Plaintiff's motion for default judgment during this twenty (20) day period.

      /s/ William J. Martini
      **WILLIAM J. MARTINI, U.S.D.J.**