# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ  07101-0419
(973) 645-6340

WILLIAM J. MARTINI
    JUDGE

## LETTER OPINION

April 8, 2009

Bryan Paul Couch
Jeffrey L. O'Hara
Andrew Burr Buckman
Connell Foley LLP
85 Livingston Avenue
Roseland, New Jersey  07068

    (*Attorney for Plaintiff*)

Peter J. Vazquez, Jr.
Goldstein, Vespi & Vazquez, LLC
264 Union Boulevard
Totowa, New Jersey  07871

    (*Attorney for Defendant*)

    **RE:   Days Inn Worldwide v. Jerbev Corporation, et al.
          Civ. No. 08-1659 (WJM)**

Dear Counsel:

    This matter comes before the Court on Defendants' motion to set aside the entry of default.  On February 2, 2009, this Court denied Defendants' motion but stated that it would reconsider if Defendants submitted supplemental briefing and factual support demonstrating a "meritorious defense" to the claims set forth in Plaintiff's complaint.

After consideration of the supplemental briefing presented by Defendants, the Court **GRANTS** Defendants' motion to set aside the entry of default.

I.  BACKGROUND

On May 15, 1991, Defendant Jerbev Corporation ("Jerbev") entered into a License Agreement with Plaintiff Days Inn Worldwide ("DIW"), under which Jerbev was obligated to operate a Days Inn guest lodging facility.  *See* Compl. Ex. A.  This License Agreement was renewed on May 15, 2001.  *See id.*  Pursuant to Section Five of the May 15, 2001 renewal agreement, the term of the License Agreement ran from the Effective Date – defined in Appendix A to the Agreement as the date that Jerbev first took possession of the facility – to the day prior to the fifteenth anniversary of the facility's Opening Date.  *See id.* at 7-8.  Concurrent with the execution of the License Agreement, Defendants Gerald Grubb, Derek Grubb, and Darin Grubb provided DIW with a guaranty of Jerbev's obligations.  Compl. Ex. C.

In its complaint, Plaintiff alleges that Defendant Jerbev stopped operating its facility as a Days Inn on August 24, 2007.  Compl. ¶ 25.  As a result, DIW filed a complaint on April 3, 2008 demanding damages from Jerbev flowing from this alleged breach of the License Agreement.  Specifically, DIW sought liquidated damages and recurring fees from Jerbev and Jerbev's guarantors.  Defendants failed to file an answer to this complaint with the Court.

At DIW's request, the Clerk of the Court entered default on August 28, 2008 against three of the Defendants – Jerbev, Gerald Grubb, and Derek Grubb.  These three Defendants were served with a copy of the default on October 7, 2008.  Default against the final Defendant, Darin Grubb, was entered on October 10, 2008.  Darin Grubb then was served with a copy of the default three days later.  Plaintiffs filed a motion for default judgment pursuant to Fed. R. Civ. P. 55(b) on October 24, 2008.  Defendants filed their motion to set aside the default under Fed. R. Civ. P. 55(c) four days later.

On February 2, 2009, this Court denied Defendants' motion to set aside the default.  *See* Docket No. 17. While denying Defendants' motion, this Court stated that it would reconsider its ruling in twenty days if Defendants presented the court with supplemental briefing and factual support demonstrating a "meritorious defense" to Plaintiff's claims.[1]  Defendants then submitted a letter asserting various defenses, which will now be addressed.

---

[1] The Court reserved on Plaintiff's motion for default judgment, pending Defendants' submission of supplemental briefing on the meritorious defense issue.

## II.    DISCUSSION

A meritorious defense is demonstrated when "allegations of defendant's answer, if established on trial, would constitute a complete defense to the action." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984) (citation omitted).  As such, the presentation of a "meritorious defense" must contain specific facts that would allow Defendants to advance a complete defense – that is, specific facts beyond conclusory allegations or a general denial.  *See id.* at 195-96.

In assessing whether Defendants have asserted a "meritorious defense," the Court is required to consider the substantive sufficiency of the defenses asserted, not merely their facial validity. *See Harad v. Aetna Cas. and Sur. Co.*, 839 F.2d 979, 983 (3d Cir. 1988) ("We cannot conclude, however, that the court erred in examining the substance of Aetna's defense.  It could no less.  The district court would have applied an incorrect legal standard if it had merely facially scrutinized Aetna's defense.").

### A.    Term of the License Agreement

In their letter to the Court, Defendants first assert that "the agreement that Plaintiff relies on in support of its claim for liquidated damages expired prior to Defendants [sic] sale of the hotel." *See* Defs.' Supplemental Br. at 1.  As such, Defendants contend that they cannot be found in breach of a contract that was not in effect between the parties.

As noted, *supra*, the May 15, 2001 renewal License Agreement executed by Defendant Jerbev and Plaintiff DIW states that its term runs from the Effective Date to the day prior to the fifteenth anniversary of the Opening Date. *See* Compl. Ex. A.  Defendants represent in their letter that both the Effective Date and the Opening Date of the Jerbev facility was May 15, 1991.[2]  *See* Defs.' Supplemental Br. at 1.  Consequently, based on this representation, the term of the Agreement expired on May 14, 2006.

In its Complaint, Plaintiff contends that Jerbev breached the License Agreement by ceasing to operate its facility as a Days Inn on August 24, 2007.  Compl. ¶ 25.  This alleged breach occurred approximately fifteen months after the term of the License Agreement expired, using the Effective Date and Opening Date supplied by Defendants.

By asserting that there was no contract in effect on the date of the alleged breach, Defendants have put forth a meritorious defense at this juncture to DIW's claims for

---

[2] Plaintiff has not contested Defendants' claim that the Effective Date and Opening Date for the Jerbev facility was May 15, 1991.

3

damages under the contract. As such, Defendants have asserted a meritorious defense to Plaintiff's liquidated damages claims.[3] Accordingly, Defendants' motion to set aside the entry of default is granted as to Jerbev and as to its guarantors, Defendants Gerald Grubb, Derek Grubb, and Darin Grubb.[4]

IV.   **CONCLUSION**

For the foregoing reasons, Defendants' motion to set aside the entry of default is now **GRANTED**. Defendants shall submit an answer to Plaintiff's complaint within twenty (20) days. Further, Plaintiff's motion for default judgment is hereby **DENIED AS MOOT**.

      /s/ William J. Martini
      **WILLIAM J. MARTINI, U.S.D.J.**

---

[3] In addition, Plaintiff asserts in Counts Four and Five of its Complaint that Jerbev failed to pay $71,792.41 in Recurring Fees due under the License Agreement. Compl. ¶¶ 46-49. It is unclear from the complaint when Jerbev allegedly stopped paying these fees. To the extent that any of these fees were derived after May 14, 2006, Defendants have asserted a meritorious defense to the demand for $71,792.41 put forth in Counts Four and Five. If DIW demands payment of recurring fees stemming from an earlier date, DIW is free to amend its complaint to state so specifically.

[4] Defendants asserted other defenses in their supplemental submission, including: (1) the failure of Plaintiff to honor Defendants' attempt to terminate the Agreement; (2) Plaintiff's failure to comply with advertising and computer-related obligations; and, (3) "waiver and estoppel defenses." It is not necessary at this juncture for the Court to address these other purported defenses, since the Court grants Defendants' motion on other grounds.